CHARLES L.M., et al., Plaintiffs,

Susan R.M. by her next friend, Charles L.M., Plaintiff–Appellant,

v.

NORTHEAST INDEPENDENT SCHOOL DISTRICT, et al., Defendants–Appellees.

No. 88–5617

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1989.

Charles L.M., San Antonio, Tex., pro se.

Nan P. Seidenfeld, Emerson Banack, Jr., Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, Tex., for Northeast Ind. School Dist.

Suzanne Formby Marshall, Asst. Atty. Gen., Austin, Tex., for Texas Education Agency.

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We must examine the basis of our jurisdiction *sua sponte*, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987). Concluding that the notice of appeal was untimely, we dismiss this appeal for want of jurisdiction.

I.

By order entered August 17, 1988, the district court granted defendants' motion to dismiss for insufficient service of process. The court based its order upon the fact that "Plaintiff has failed to comply with Fed.R.Civ.P. 4(d)(6)" (regarding service of process). Accordingly, also on August 17, 1988, final judgment was entered, dismissing the cause for want of personal jurisdiction.

On August 23, 1988, the plaintiff served a motion for reconsideration of the order granting the motion to dismiss. As the motion was served within ten days of the order complained of, we treat it as a Fed.R. Civ.P. 59(e) motion that tolls the running of the thirty-day period for filing notice of appeal. *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

By order entered September 6, 1988, the district court denied the motion for reconsideration filed August 23. In its order, the court noted that even if defendants had been properly served, the plaintiff father had no standing to sue on behalf of his daughter, as she had reached the age of eighteen. This was an argument previously advanced by defendants, in support of dismissal, but had not been addressed by the court in its order denying reconsideration.

■ Once the rule 59(e) motion was ruled upon, the thirty-day period for appeal began running anew. *Harcon Barge, id.* at 667; Fed.R.App.P. 4(a)(4). Plaintiff thus had until October 6, 1988, to file his notice of appeal. On September 15, 1988, plaintiff filed "Plaintiff's Motion To Reconsider Order Denying Plaintiff's Motion To Reconsider Order Granting Defendants' Motion To Dismiss." There, he asserted that the September 6 order, denying reconsideration, had given new reasons not contained in the original order granting dismissal.

By order entered October 4, 1988, the court denied the September 15 motion to reconsider the denial of the first motion to reconsider. On October 12, 1988, plaintiff filed his only notice of appeal, which specified that it was from the final judgment of August 17, the order of September 6, and the order of October 4.

## II.

■ The notice of appeal was timely if measured from the October 4 order denying the second motion for reconsideration but untimely if from the September 6 order denying the first motion for reconsideration. We hold that the second motion was a successive motion for reconsideration, condemned by well-established authority in this and other circuits. As the filing of the second motion did not toll the running of the thirty-day time for appeal, the notice of appeal was untimely, and we are without jurisdiction.

We have squarely held that where an appellant files a second motion to reconsider "based upon substantially the same grounds as urged in the earlier motion," the filing of the second motion does not interrupt the running of the time for appeal, and the appeal must be dismissed. *Ellis v. Richardson,* 471 F.2d 720, 721 (5th Cir.1973) (per curiam). The same result obtains where, in response to the first motion for reconsideration, the court denies the motion but amends its judgment to rest upon only one of the two grounds relied upon in the original judgment. *Dixie Sand & Gravel Co. v. Tennessee Valley Auth.,* 631 F.2d 73, 75 (5th Cir. Unit B 1980). There, we reasoned that

> [w]ere we to hold that appellant's motion for reconsideration of the amended judgment terminated the running of the time for filing notice of appeal, a party aggrieved by a judgment resting on several grounds could extend the time for appeal virtually indefinitely by filing successive motions for reconsideration challenging each of the grounds *seriatim.*

*Id.* In *dictum,* we also observed, "Although this is not a case involving an amended judgment resting upon a new ground not involved in the original judgment, 6A Moore's Federal Practice ¶ 59.13[4] suggests that the same result should obtain." *Id.* n. 2.

More recently, but consistently with a long line of authorities, we have stated that there is no tolling where an order *"den[ies]* timely postjudgment motions under [rule 59] and leave[s] the original judgment in effect and unchanged." *Brown v. United Ins. Co. of Am.,* 807 F.2d 1239, 1242 (5th Cir.1987) (per curiam) (emphasis in original). "While we have held otherwise with respect to orders which *grant* timely postjudgment motions so as to *actually amend* the judgment ..., that is not the present situation ...." *Id.* n. 2 (emphasis in original).

In the case *sub judice,* we thus must determine whether, in its order denying the first motion for reconsideration, the district court "amended the judgment." That answer is provided in *Harrell v. Dixon Bay Transp. Co.,* 718 F.2d 123 (5th Cir.1983). There, in distinguishing *Dixie Sand,* we stated that the test is whether "the 'amendment' of the judgment made no change in what the judgment *did*—the original sum-

mary judgment denied plaintiff *all* relief, and so also did the amended judgment." *Id.* at 128 n. 4 (emphasis in original).

Under the *Harrell* test, we would be without jurisdiction even if the district court had purported to *grant* the first motion for reconsideration but, in the same order, had made it clear that the effect of the judgment was unchanged. Here, however, the court specifically *denied* the motion. Moreover, unlike the court in *Dixie Sand,* the court *a quo* did not abandon its original ground for dismissal (improper service of process) but merely added, by way of explanation, that even if, *arguendo,* that ground were inapplicable, an alternative ground would justify the same result. The court could have accomplished its end simply by ruling "denied." By explaining that an alternative analysis supported the identical judgment, the district court cannot be said to have either granted the motion to reconsider or effectively to have amended the judgment.

The interest of finality requires that parties generally get only one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal. The appellant here had ample opportunity to request reconsideration and, following its denial, to file a timely notice of appeal. His notice, instead, being untimely, the appeal is DISMISSED.