66 F.3d 306
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
GENERAL TRADING, INC., Plaintiff, Appellee,
v.
YALE MATERIALS HANDLING CORP., Defendant, Appellee.
GONZALEZ TRADING, INC. & JOSE M. BAEZA, JR., Defendants-Appellants.
 No. 95-1347.
 United States Court of Appeals, First Circuit.
 Sept. 18, 1995.
 
 1
 Edelmiro Salas Garcia, for appellants.
 
 
 2
 Leslie W. Jacobs, with whom Robert F. Ware, Thompson, Hine & Flory, Jorge I. Peirats, Maria C. Jimenez Perez, and Pietrantoni Mendez & Alvarez are on brief for appellees.
 
 PER CURIAM
 
 3
 On April 28, 1993, a final judgment in favor of Yale Materials Handling Corporation ("Yale"), was entered in the federal district court for the Southern District of Florida against General Trading, Inc. and Jose Baeza. On Yale's motion, this judgment was registered in the District of Puerto Rico on December 8, 1993. The Florida district court subsequently appointed James S. Feltman as permanent receiver and authorized him to take possession of and conserve the property of General Trading, Inc. and Jose Baeza in order to satisfy the judgment.
 
 
 4
 On December 13, 1994, Feltman filed an "Urgent Motion Authorizing Receiver to Take Possession of Asset" in the Puerto Rico federal district court, seeking authorization to seize a yacht in the possession of Baeza's son, Jose Baeza, Jr. The district court granted Feltman's motion on the same day. After discovering that the yacht had been moved and apparently renamed, Feltman filed a second "Urgent Motion" requesting authorization to seize the re-described vessel. The district court granted the motion on December 16, 1994, and Feltman took possession of the yacht the following day.
 
 
 5
 On December 29, 1994, Jose Baeza, Jr. filed a "Petition to Enjoin Illegal Acts and to Vacate 'Order,' " seeking in substance the vacation of the district court's December 16 order. On January 24, 1995, the district court denied this motion. Baeza, Jr. filed a second motion on February 7, 1995, captioned "Motion to Reconsider and to Enjoin Further Acts," in which he sought reconsideration of the court's January 24 denial of his first motion and again requested vacation of the December 16 order. The court denied this second motion on February 22, 1995, and Baeza, Jr. filed a notice of appeal on February 27, 1995, challenging the denial of both of his motions.
 
 
 6
 Despite their labels, neither of Baeza's motions sought injunctive relief. Substance controls the determination of whether an order is injunctive for the purposes of appeal under 28 U.S.C. Sec. 1292(a)(1). Sierra Club v. Marsh, 907 F.2d 210, 213 (1st Cir.1990). Baeza's first motion simply sought the vacation of the court's December 16 order and amounted to a motion under Fed.R.Civ.P. Rule 59(e) or Fed.R.Civ.P. Rule 60(b). If an appeal had been taken within 30 days of its denial, we would face the question whether the order denying the first motion was a "final" decision under 28 U.S.C. Sec. 1291, which it quite arguably was.
 
 
 7
 But no appeal was taken. Instead, Baeza, Jr. filed a new motion in February 1995 that could extend the time for appeal only if it were a Rule 59(e) motion. Fed. R.App. P. 4(a). It may be debatable whether a Rule 59(e) motion to alter or amend "a judgment" can be used to challenge an order authorizing a receiver to take possession of property. Assuming it can be, it is settled that a Rule 59(e) motion that merely repeats arguments made in a motion attacking the original judgment does not extend the time for appeal. Charles L.M. v. Northeast Independent School Dist., 884 F.2d 869, 870 (5th Cir.1989); Charles v. Daley, 799 F.2d 343, 347-48 (7th Cir.1986). Nor does a Rule 60(b) motion extend the time to appeal from the order sought to be reopened.
 
 
 8
 Here, the bulk of the second motion merely restates arguments made in the first motion; the balance contains nothing of importance that could not have been argued in the first motion. In these circumstances, the February 7 motion did not toll the time for appeal. That in turn means that the time for appeal is to be computed from the date of the denial of the first motion on January 24, 1995. Appellants' notice of appeal was filed on February 27, 1995, more than 30 days later. The appeal was therefore untimely.
 
 
 9
 The appeal is dismissed.