UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40481
Summary Calendar
_____


TROY LEE CHAPA,

Plaintiff-Appellant,

versus

JIM WELLS COUNTY; OSCAR LOPEZ, Sheriff,
Individually and in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-94-CV-360)
_____
November 2, 1995
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]


BACKGROUND

Proceeding with counsel, Troy Chapa filed a 42 U.S.C. § 1983 action against Jim Wells County and Jim Wells County Sheriff Oscar Lopez for monetary damages resulting from injuries, including a fractured skull, which he allegedly received when assaulted by co-inmates. The district court entered an order scheduling a pretrial conference. The docket sheet reflects that the parties were

_____

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

notified of the pending conference.  The defendants filed an answer to Chapa's complaint.

The district court conducted the pretrial conference.  The district court noted Chapa's failure to appear and failure to contact the defendants since filing the suit and granted the defendants' motion to dismiss.  The district court entered an order on February 14, 1995, dismissing Chapa's action without prejudice.

On February 17, 1995, Chapa filed a motion to reinstate his action, explaining that counsel had inadvertently misfiled the conference order and, consequently, failed to calendar the conference date.  The motion explained that counsel routinely double calendared all hearings and deadlines, and that counsel had never missed a hearing or deadline in that court in 11 years of practice.  The motion's certificate of service stated that the motion had been served by mail the previous day.

On March 2, 1995, the district court entered its February 28, 1995, order striking the motion to reinstate for failure to comply with local rules of form.  On March 7, 1995, Chapa filed a second motion to reinstate his action.  The certificate of service reflected that Chapa had served the motion the previous day by mail.  On April 10, 1995, the district court conducted a hearing on Chapa's motion to reinstate.  The district court noted that counsel had not contacted the defendants since filing the suit six months before the scheduled pretrial conference and that counsel had failed to conduct discovery or develop a proposed scheduling order after filing suit.  The district court denied the motion to reinstate and entered an order to that effect on April 12, 1995.

2

On April 17, 1995, Chapa filed a motion to reconsider reinstating his cause of action, attaching 393 pages of documents he had obtained prior to filing suit. Chapa's certificate of service reflected that he served the motion by mail on April 14, 1995. On April 19, 1995, the district court entered an order striking the motion for failure to comply with the local rules of form. On April 21, 1995, Chapa filed and served a motion for leave to file his motion to reconsider. On May 19, 1995, the district court entered an order denying this latest motion "for the reasons originally given for dismissal of the case". On May 25, 1995, Chapa then filed his notice of appeal, stating that he was appealing the district court's order denying his motion to reinstate his appeal and the latest order denying his motion for leave to file his motion to reconsider.

## OPINION

Chapa identifies as his issue the district court's alleged improper denial of his motion to reinstate his case. Yet, he actually argues whether the district court abused its discretion in involuntarily dismissing his action. The defendants also address the involuntary dismissal as the issue for appeal. Because this appeal turns on whether Chapa is appealing from a Fed. R. Civ. P. 59(e) motion reflecting back to the underlying judgment or from a Fed. R. Civ. P. 60(b) motion, which would not reach the underlying judgment, Chapa has not argued the proper issue for appeal.

With the exception of a motion requesting correction of a clerical error, all post-judgment motions that call into question the correctness of the judgment and are served within ten days of

3

judgment's entry are treated as Fed. R. Civ. P. 59(e) motions. **Harcon Barge Rentals Co. v. D. & G Boat Rentals, Inc.**, 784 F.2d 665, 668-69 (5th Cir.) (en banc), <u>cert. denied</u>, 479 U.S. 930 (1986).  If the motion is served after that time, it is a Fed. R. Civ. P. 60(b) motion.  **Lavespere v. Niagara Mach. & Tool Works**, 910 F.2d 167, 173 (5th Cir. 1990), <u>cert. denied</u>, 114 S. Ct. 171 (1993).[2]

If a party makes a timely Rule 59(e) motion, the 30-day period for appeal runs anew from the entry disposing of that motion.  Fed. R. App. P. 4(a)(4); **Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping**, 925 F.2d 812, 816 n.5 (5th Cir), <u>cert. denied</u>, 501 U.S. 1262 (1991).  However, a Rule 60(b) motion more than ten days after the entry of judgment does not suspend the time for filing an appeal of the underlying judgment.  Fed. R. App. P. 4(a)(4); **Huff v. International Longshoremen's Ass'n, Local # 24**, 799 F.2d 1087, 1089-90 (5th Cir. 1986).  Additionally, the denial of a Rule 60(b) motion does not bring up the underlying judgment for review.  **In re Ta Chi Navigation (Panama) Corp. S.A.**, 728 F.2d 699, 703 (5th Cir. 1984).  This Court "`may not treat the appeal from the ruling on the rule 60(b) motion as an appeal from the [underlying order] itself'".  **Aucoin v. K-Mart Apparel Fashion Corp.**, 943 F.2d 6, 8 (5th Cir. 1991) (citation omitted).

Any Rule 60(b) motion raising substantially similar grounds as urged, or as could have been urged, in an earlier motion is deemed

_____

[2]  Amended Fed. R. App. P. 4(a)(4)(f) now states that Rule 60(b) motions suspend the time to notice an appeal if served within ten days, but this change essentially codifies **Harcon Barge**'s holding and does not change the result.

4

successive, and any appeal based on such a motion is not reviewable by this Court. **Latham v. Wells Fargo Bank, N.A.**, 987 F.2d 1199, 1204 (5th Cir. 1993); **Burnside v. Eastern Airlines, Inc.**, 519 F.2d 1127, 1128 (5th Cir. 1975). The same rule is true for successive Rule 59(e) motions. **Charles L.M. v. Northeast Indep. Sch. Dist.**, 884 F.2d 869, 870 (5th Cir. 1989).

The district court's striking of Chapa's motions complicates the analysis of this case by affecting whether the motions are considered as either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) motions. Research has not disclosed any published authority on the effect of striking in this regard -- whether it "erases" the motion, whether it is a "disposition," or whether it merely "suspends" the motion if it is subsequently refiled. If the merits of the underlying involuntary dismissal were before this Court, it would be a close question whether the district court erred in dismissing the action. Because the suit was not filed until one month before the limitations period ran, the district court's involuntary dismissal without prejudice effectively became a dismissal with prejudice as it was impossible to refile the suit. See **Helton v. Clements**, 832 F.2d 332, 334 (5th Cir. 1987) (the applicable limitations period for § 1983 actions brought in Texas is two years); **McGowan v. Faulkner Concrete Pipe Co.**, 659 F.2d 554, 556 (5th Cir. 1981) (involuntary dismissal without prejudice is effectively with prejudice because of the running of the statute of limitations). However, this Court need not reach that issue, as the following analysis demonstrates that Chapa's appeal ultimately

stems from a Rule 60(b) motion which would not have reached the underlying merits of the judgment.

Under normal circumstances, Chapa's February 17th motion to reinstate would have been considered a Rule 59(e) motion as it was served within ten days of the February 14th dismissal.  See **Harcon Barge**, 784 F.2d at 668-69.  However, if the striking of this motion effectively erased the motion's existence and fact of its service, then the second motion to reinstate, served 20 days after judgment, would be considered a Rule 60(b) motion.  See Fed. R. App. P. 4(a)(4).  As the Rule 60(b) motions would not have suspended the time for filing an appeal from the underlying dismissal, and the denial of the Rule 60(b) motions would not have brought up the underlying judgment for review, see **Huff**, 799 F.2d at 1089-90; **In re Ta Chi Navigation**, 728 F.2d at 703, Chapa would have argued the wrong issue on appeal in addressing the merits of the involuntary dismissal.  See **Brinkmann v. Abner**, 813 F.2d 744, 748 (5th Cir. 1987).

The effect would be the same if the first motion to reinstate were considered a Rule 59(e) motion and the striking of that motion were considered a proper disposition of a Rule 59(e) motion. Chapa's second motion to reinstate, which was served within ten days of the order striking the first motion, would then normally be considered a Rule 59(e) motion of the disposition of a previous Rule 59(e) motion, but considering the ban against successive Rule 59(e) motions, the motion would have to be considered a Rule 60(b) motion.  See **Charles L.M.**, 884 F.2d at 870.

6

Because the first motion to reconsider was served within ten days of the order disposing of the second motion to reinstate, it would be construed as a Rule 59(e) motion from a Rule 60(b) motion. See Fed. R. App. P. 4(a)(4).  If the district court's striking of this motion is considered a proper disposition of a Rule 59(e) motion, then the second motion to reconsider is construed as a Rule 60(b) motion, to avoid successive Rule 59(e) motions, even though the motion was served within ten days of the disposition of the previous motion.  See **Charles L.M.**, 884 F.2d at 870.  In the end, Chapa would be appealing from the denial of a Rule 60(b) motion which would not raise the merits of the dismissal.  See **In re Ta Chi Navigation**, 728 F.2d at 703.  Again, Chapa has addressed the wrong issue on appeal.  See **Brinkmann**, 813 F.2d at 748.

However, if the district court's striking of the first motion to reinstate had no effect as to timely service, but the motion itself was construed as suspended, the service date would carry over to the filing and service of the second motion to reinstate, and the second motion would be considered a timely Rule 59(e) motion.  Chapa would have then had 30 days from the date of the order denying it  to file an appeal which would have raised the underlying merits of the dismissal.  See **Harcon Barge**, 784 F.2d at 668-69; Fed. R. App. P. 4(a)(4).  Instead, Chapa filed and served a motion to reconsider within ten days of the order denying his motion to reinstate.  Because this motion to reconsider merely argued another ground of the district court's dismissal and requested the same relief as the previous motion to reinstate, it is deemed to have raised substantially similar grounds as his

7

motion to reinstate and would be considered a successive 59(e) motion, which is not allowed.  See **Charles L.M.**, 884 F.2d at 870. Therefore, the motion to reconsider would have to be construed as a Rule 60(b) motion.  See **id**.

Even without considering the effect of the striking of the motion to reconsider during its first filing, Chapa's May 25th notice of appeal would have been timely only to the denial of the Rule 60(b) motion to reconsider, and Chapa is precluded from questioning the merit of the underlying dismissal of his case. Chapa would be considered not to have addressed the proper issue on appeal in addressing the merits of the involuntary dismissal rather than any error in the district court's denial of his Chapa's Rule 60(b) motion.  **Brinkmann**, 813 F.2d at 748.  This Court will not address Chapa's issue on appeal, and the appeal should be dismissed as frivolous.[3]

**DISMISSED**

---

[3]  Even if the merits of the denial of Chapa's Rule 60(b) motion were before this Court, Chapa would have had to demonstrate, not that the reinstatement of his action might have been permissible, or even warranted, but that the district court's denial to reinstate must have been so unwarranted as to constitute an abuse of discretion.  **Seven Elves, Inc. v. Eskenazi**, 635 F.2d 396, 402 (5th Cir. 1981).  The district court dismissed the action, not only because of counsel's failure to appear at a pretrial conference, but because counsel had failed to take any further action in case after filing it.  Although the involuntary dismissal may have been harsh because it resulted in a dismissal with prejudice, there is nothing to indicate that the district court's action was unwarranted under the circumstances.  See **id**.