# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2012

No. 11-10245
Summary Calendar

Lyle W. Cayce
Clerk

MITTIE FLEMING DBA,

Plaintiff-Appellant

v.

UNCLE BOB STORAGE INC. SOVRAN,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-351

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mittie Fleming DBA (Fleming), proceeding pro se, appeals the district court's dismissal of her civil action for failure to comply with an order instructing the parties and their respective counsel to attend an in-person settlement conference on a specified date and time. She also appeals the district court's denial of her two motions for new trial, purportedly filed pursuant to Federal Rule of Civil Procedure 59, and the denial of her two motions for rehearing of the orders denying her motions for new trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10245

Fleming now moves this court for leave to proceed in forma pauperis (IFP), and she requests copies of transcripts at the Government's expense. This court has a duty to examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a jurisdictional requirement in a civil case. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which the appeal is taken. On January 13, 2011, Fleming timely filed a motion for new trial under Rule 59, which suspended the time for filing a notice of appeal. FED. R. APP. P. 4(a)(4)(A)(iv), (v); *see Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667-68 (5th Cir. 1986) (en banc). The district court denied Fleming's Rule 59 motion on January 19. Thus, the latest date on which Fleming could have filed a timely notice of appeal was February 18, 2011, 30 days from entry of the district court's January 19 order denying her first motion for new trial. *See* FED. R. APP. P. 4(a)(1), (a)(4)(A). Fleming also filed a second motion for new trial, but this motion had no tolling effect on the period for filing a timely notice of appeal. *See Charles L.M. v. Northeast Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989); *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973). Furthermore, her second motion for new trial is considered a successive motion as it alleges "substantially the same grounds as urged in the earlier motion [for new trial]." *Charles L.M.*, 884 F.2d at 870 (internal quotation marks and citation omitted). Likewise, Fleming's two motions for rehearing from the motions for new trial do not offer anything new. Such successive motions are "condemned by well-established authority." *Id*. Accordingly, we will not review Fleming's second motion for new trial or her two motions for rehearing of the orders denying her motions for new trial. *See id.*

Because Fleming's notice of appeal was filed more than 30 days from the January 19, 2011, entry of the order denying her first motion for new trial, it is

2

untimely as to both the district court's judgment of dismissal and its denial of Fleming's first motion for new trial.  Given the absence of a timely notice of appeal in this case, this appeal must be dismissed for lack of jurisdiction.

APPEAL DISMISSED; MOTIONS DENIED.