# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 6, 2012

No. 12-30227
Summary Calendar

Lyle W. Cayce
Clerk

EDDIE MILTON GAREY,

Petitioner - Appellant

v.

WARDEN SHERROD,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-914

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Eddie Milton Garey, federal prisoner # 91876-020, contests the with-prejudice dismissal of his 28 U.S.C. § 2241 petition, which challenges disciplinary convictions and requests return of his legal documents. He also contests the district court's denial of his post-judgment motions filed under Federal Rules of Civil Procedure 52(b) and 59(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30227

A timely notice of appeal is a jurisdictional requirement for a civil action. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). This court must examine the basis of that jurisdiction. *E.g., Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil action be filed within 30 days of entry of judgment or order from which the appeal is taken. A timely post-judgment motion under Rule 52(b) (amend factual findings) or Rule 59(a) (new trial) or (e) (amend judgment) tolls the 30-day appeal period, which begins anew upon entry of the order disposing of the post-judgment motion. Fed. R. App. P. 4(a)(4)(A)(ii), (iv), (v). A Rule 52(b) motion must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 52(b).

Garey timely filed his Rule 52(b) motion after entry of judgment for his § 2241 petition, which suspended the 30-day appeal period until 6 January 2012, when the district court denied that motion. Fed. R. App. P. 4(a)(4)(A)(ii). His notice of appeal was therefore due 30 days later, on 6 February 2012. Fed. R. App. P. 4(a)(4)(A)(ii). Garey did not file his notice of appeal, however, until 28 February 2012.

Garey filed a second post-judgment motion pursuant to Rule 59(e), but that motion had no tolling effect on the period for filing a timely notice of appeal. *E.g., Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) (holding successive motions alleging substantially same grounds as earlier motions have no tolling effect for purposes of Fed. R. App. P. 4(a)(4)(A)). Such successive motions are "condemned by well-established authority". *Id.*

Because Garey's notice of appeal was filed more than 30 days from the 6 January 2012 denial of his first post-judgment motion, it is untimely for both the judgment and denial of his Rule 52(b) motion. Accordingly, we lack jurisdiction.

DISMISSED.