# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10588
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2014

Lyle W. Cayce
Clerk

CLARENCE D. BROWN,

Plaintiff-Appellant

v.

ALLISON TAYLOR, In Her Official and Individual Capacity as Executive Director, Office of Violent Sex Offender Management; DIANA LEMON, In Her Official and Individual Capacity as Program Specialist/Case Manager Office of Violent Sex Offender Management; BRIAN COSTELLO, In His Official and Individual Capacity as President, Avalon Correctional Services, Incorporated; GREG BASHAM, In His Official and Individual Capacity as Facility Administrator, Avalon Correctional Services, Incorporated; CARLOS MORALES, In His Official and Individual Capacity as Facility Administrator, Avalon Correctional Services, Incorporated; TARRANT COUNTY; MONTGOMERY COUNTY,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-698

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10588

Clarence D. Brown appeals the dismissal of his 42 U.S.C. § 1983 action and the denial of his Federal Rule of Civil Procedure 59(e) motion challenging the dismissal. The vast majority of the issues raised by Brown concern the dismissal of his § 1983 action rather than the denial of his Rule 59(e) motion.

The timing of Brown's notice of appeal raises a threshold question regarding this court's jurisdiction, which we must examine on our own motion, if necessary. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). In a civil case, the timely filing of a notice of appeal "is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Brown's notice of appeal was timely in relation to the denial of his Rule 59(e) motion, but it was not directly timely in relation to the judgment of dismissal. Thus, the notice of appeal was timely as to the underlying dismissal of the complaint only if Brown's Rule 59(e) motion was timely filed. *See* FED. R. APP. P. 4(a)(4)(A).

The judgment of dismissal was entered on March 14, 2013. Brown's Rule 59(e) motion, which was dated April 9, 2013, was received and filed in the district court on April 12, 2013, 29 days after the dismissal of the complaint and one day after the expiration of the time to file a Rule 59(e) motion. Thus, if the prisoner mailbox rule applies to Brown, the Rule 59(e) motion was presumptively timely, but if the prisoner mailbox rule does not apply, the Rule 59(e) motion was untimely. *See United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992).

The prison mailbox rule applies to prisoners who are proceeding pro se. *See Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009). When a litigant is not incarcerated, however, the prison mailbox rule does not apply. *United States v. Clark*, 193 F.3d 845, 846 n.3 (5th Cir. 1999). A pro se litigant is given the

benefit of the prisoner mailbox rule if by tendering a pleading for mailing he "has completed everything within his control to deliver the actual petition to the court." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

At the time Brown filed his Rule 59(e) motion, he was not incarcerated pursuant to a criminal conviction, but he was civilly committed under the Texas sexually violent predator civil commitment law, TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.150. According to the Texas Supreme Court, the Texas sexually violent predator civil commitment law "permits the [sexually violent predator] to live at large in the community." *In re Commitment of Fisher*, 164 S.W.3d 637, 652 (Tex. 2005). However, in his Rule 59(e) motion, Brown alleged that he was, at that time, "forced to live in a 'secure correctional' facility . . . 24 hours per day." Brown made no allegations regarding his access to mail and other methods of filing pleadings in the district court. Furthermore, the district court received no other evidence and made no factual findings on this issue.

On the present record, we cannot determine whether the prison mailbox rule applies, making Brown's notice of appeal timely and giving us jurisdiction over this appeal. Accordingly, we hold the appeal and Brown's motion for appointment of counsel on appeal in abeyance and remand for the limited purpose of making factual findings regarding the extent of Brown's confinement and Brown's ability to file pleadings at the time he filed his Rule 59(e) motion.

APPEAL AND MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL HELD IN ABEYANCE; LIMITED REMAND.