# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50136
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2016

Lyle W. Cayce
Clerk

RHONDY JAMES DAVIS, SR.,

Plaintiff-Appellant

v.

E. LABERNEUER; CAPTAIN L. BROWN; L. GLATT; SERGEANT L.
JOHNSON,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-835

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rhondy James Davis, Sr., Texas prisoner # 1934352, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). He also moves for appointed counsel. We must examine the basis of our own jurisdiction, sua sponte, if necessary. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a jurisdictional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50136

requirement in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Davis's appeal is not timely for several reasons.

Because Davis's notice of appeal was filed more than 30 days from the December 17, 2014, entry of the order denying his first motion to substantiate his claims, it is untimely as to both the district court's judgment of dismissal and its denial of Davis's first postjudgment motion. *See Charles L.M. v. Northeast Indep. Sch. Dist.*, 884 F.2d 869, 870-71 (5th Cir. 1989); FED. R. APP. P. 4(a)(1)(A), (a)(4)(A), (a)(5)(A). Given the absence of a timely notice of appeal in this case, this appeal must be dismissed as to the original judgment and the December 17 order for lack of jurisdiction. *See Bowles*, 551 U.S. at 214.

Davis's notice of appeal indicates that it is from a subsequent order (Docket No. 19) entered January 9, 2015, in which the district court barred Davis from filing anything further in the case besides a notice of appeal. As to that order, the notice of appeal appears to have been timely mailed under FRAP 25(a)(2)(c).[1] However, Davis failed to brief any alleged error in this order, so any such error is deemed abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

APPEAL DISMISSED in part; AFFIRMED in part. MOTION DENIED.

---

[1] Although Davis did not state expressly when he placed the notice of appeal (filed on February 13, 2015), dated January 25, 2015, in the prison mail system, the accompanying envelope bears a postmark of February 3, 2015, which would make it timely.

2