# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30043
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

September 28, 2017

Lyle W. Cayce
Clerk

CARLTON TREMELL TURNER,

Plaintiff-Appellant

v.

DAVID THOMAS; LONNIE NAIL,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-2818

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Carlton Tremell Turner, Louisiana prisoner # 372940, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint following a jury verdict for the defendants. He also appeals the district court's denial of his postjudgment motions for a new trial pursuant to Federal Rule of Civil Procedure 59 and for reconsideration of the denial of the motion for a new trial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30043

This court has a duty to examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a jurisdictional requirement in a civil case. *Bowles v. Russell,* 551 U.S. 205, 214 (2007).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which the appeal is taken. Turner's timely Rule 59(a) motion for a new trial suspended the time for filing a notice of appeal. *See* FED. R. APP. P. 4(a)(4)(A)(v). Thus, the latest date on which Turner could have filed a timely notice of appeal was April 25, 2016, 30 days after the district court's March 24, 2016, order denying his Rule 59(a) motion. *See* FED. R. APP. P. 4(a)(1), (a)(4)(A). However, Turner's notice of appeal was not filed until May 18, 2016.

Turner's motion for reconsideration of the denial of his Rule 59(a) motion had no additional tolling effect. *See Charles L.M. v. Northeast Indep. Sch. Dist.,* 884 F.2d 869, 870 (5th Cir. 1989). Further, his motion for reconsideration, which alleged substantially the same grounds as urged in the first Rule 59(a) motion, was successive. *See id.* Such successive motions are "condemned by well-established authority." *Id.* Accordingly, we will not review Turner's motion for reconsideration. *See id.*

Because Turner's notice of appeal was filed more than 30 days after the March 24, 2016, order denying his motion for a new trial, it is untimely as to both the underlying judgment of dismissal and the denial of his motion for a new trial. Given the absence of a timely notice of appeal in this case, this appeal must be dismissed for lack of jurisdiction.

APPEAL DISMISSED.