# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2018

Lyle W. Cayce
Clerk

GEORGE ROSAS,

Plaintiff - Appellant

v.

NUECES COUNTY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-167

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

George Rosas appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint and imposition of sanctions for his history of filing frivolous and vexatious civil actions.

We have an independent duty to determine whether we have jurisdiction to review this appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). After the district court entered its final judgment dismissing this case, Rosas filed a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40155

motion to alter or amend judgment, which the district court treated as a motion under Federal Rule of Civil Procedure 59(e). The magistrate judge submitted a report recommending that the district court deny the motion, which the district court adopted in an order filed January 19, 2018. Rosas filed a notice of appeal. Although he dated the notice February 18, 2018, and signed a certificate of service stating that he put the notice in the mail the same day, the notice was not filed with the district court until February 21, 2018.

A timely notice of appeal in a civil case is a jurisdictional prerequisite when the time limit is set by statute. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). Of relevance to this case, 28 U.S.C. § 2107(a) requires that a notice of appeal in a civil case be filed within 30 days of the entry of judgment. Although a timely filed Rule 59(e) motion tolls the deadline for filing a notice of appeal, a litigant must file a notice of appeal within 30 days of "the entry of the order disposing of" the Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(A)(iv); *see also Turner v. Thomas*, 698 F. App'x 181, 181 (5th Cir. 2017) (unpublished). Therefore, Rosas was required to file a notice of appeal no later than February 20, 2018.[1] Because he did not file his notice of appeal until February 21, 2018, his appeal is untimely, and we lack jurisdiction to consider it.[2] *See Hamer*, 138 S. Ct. at 17.

---

[1] Although 30 days after January 19, 2018, is Sunday, February 18, 2018, Federal Rule of Appellate Procedure 26(a)(1)(C) instructs that "if the last day [of a period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Because Monday, February 19, 2018, was a legal holiday, Rosas's deadline to file a notice of appeal was the following day: Tuesday, February 20, 2018. *See* Fed. R. App. P. 26(a)(6)(A) (defining "legal holiday" to include Washington's birthday, which was observed on February 19, 2018).

[2] Rosas certified that he mailed his notice of appeal on February 18, 2018. The prison mailbox rule provides that a pro se inmate's notice of appeal is deemed filed on the date that the inmate gives the notice of appeal to prison authorities to be mailed to the court rather than the date it is filed with the court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). But "[t]he prison mailbox rule applies to prisoners who are proceeding pro se. When a litigant is not incarcerated, . . . the prison mailbox rule does not apply." *Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016) (quoting *Brown v. Taylor*, 569 F. App'x 212, 213 (5th Cir. 2014)

No. 18-40155

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction.

---

(unpublished)). The district court determined that Rosas was no longer in custody when it declined to apply the three-strikes provision of the Prison Litigation Reform Act. Therefore, because Rosas was no longer in custody, the prison mailbox rule is inapplicable, and the relevant date for our inquiry is the date the notice of appeal was filed with the district court: February 21, 2018.