# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2021

Lyle W. Cayce
Clerk

No. 21-20066
Summary Calendar

Michel Thomas,

*Plaintiff—Appellant*,

*versus*

Stafflink, Inc., *doing business as*, Link Staffing Services;
Bill Pitts; Karen Pitts; Mario Tamez; Matt Trimble;
Christine O'Brien; Link Staffing Management, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3902

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20066

Michel Thomas, acting *pro se*, filed an employment discrimination lawsuit against the Defendants. The district court dismissed some of his claims and granted summary judgment on others. We AFFIRM.

We first examine our jurisdiction. On August 4, 2020, the district court entered final judgment against Thomas. On August 31, 2020, Thomas filed a "motion to dismiss" under Federal Rules of Civil Procedure 60(b)(3), 60(b)(4), and 60(b)(6), arguing that the final judgment was void because it was inconsistent with due process.

On November 9, 2020, the district court denied the motion to dismiss and re-entered final judgment. On December 4, 2020, Thomas filed another "motion to dismiss" under Rules 60(b)(3), 60(b)(4), and 60(b)(6). Like his first motion, the second post-judgment motion argued that the final judgment was void because it was inconsistent with due process. The district court denied Thomas's second post-judgment motion on January 4, 2021. Thomas filed his notice of appeal on February 2, 2021.

Generally, a party must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Certain timely filed post-judgment motions, including a motion under Rule 60(b), interrupt the time for filing the notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A). An appellant generally can take advantage of this interruption only once. We have explained that successive post-judgment motions are "condemned by well-established authority in this and other circuits." *Charles L.M. v. N.E. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989). As a result, "where an appellant files a second motion to reconsider 'based upon substantially the same grounds as urged in the earlier motion,' the filing of the second motion does not interrupt the running of the time for appeal." *Id.* (quoting *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973)).

No. 21-20066

Here, Thomas's first Rule 60(b) motion was timely filed and interrupted the deadline for filing a notice of appeal. *See* FED. R. APP. P. 4(a)(4)(A). Thomas's second Rule 60(b) motion was based on substantially similar grounds and therefore did not interrupt the time for filing a notice of appeal. The 30-day time for appeal ran from the district court's denial of his first Rule 60(b) motion. Since Thomas did not file his notice of appeal within 30 days of that denial, we have no jurisdiction to review the final judgment entered in this case.

Because Thomas's notice of appeal was filed within 30 days of the court's denial of his second Rule 60(b) motion, we may review the court's decision on that motion. We review the denial of a Rule 60(b) motion for abuse of discretion. *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 871 (5th Cir. 1989).

After a review of the record and briefs, we conclude that the district court did not abuse its discretion by denying Thomas's second Rule 60(b) motion. Thomas's motion principally makes arguments that he made or could have made earlier in the proceedings. He argues that the district court colluded with the defendants but provides no evidence in support of his claim. He otherwise offers no "extraordinary circumstances" to justify relief. *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 (5th Cir. 1995).

AFFIRMED.