# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2023

Lyle W. Cayce
Clerk

No. 22-10137

UNITED STATES OF AMERICA, *ex rel.*, HOWARD BECK, M.D.,

*Plaintiff—Appellant*,

*versus*

ST. JOSEPH HEALTH SYSTEM; COVENANT HEALTH SYSTEM;
COVENANT MEDICAL CENTER; COVENANT MEDICAL GROUP,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-52

Before WIENER, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM: *

Relator-Appellant Howard Beck, M.D. ("Relator") alleges that Defendants-Appellees healthcare entities ("Defendants") engaged in an illegal scheme to pay physicians for patient referrals. We lack jurisdiction over this matter because the notice of appeal was untimely.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10137

The relevant dates are as follows: The district court granted summary judgment for Defendants and entered judgment on November 30, 2021. On December 10, 2021, Relator moved the district court to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). This motion was denied on December 14 for failure to include a certificate of conference. That same day, Relator filed a second identical motion to alter or amend the judgment with the requested certificate of conference. On January 12, 2022, Relator's second motion was denied. Relator filed his notice of appeal on February 9, 2022.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties ordinarily have 30 days from entry of judgment to file such a notice, Fed. R. App. P. 4(a)(1)(A),[1] but this requirement is tolled by a timely post-judgment motion pursuant to Fed. R. Civ. P. 59 or 60. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (v), (vi). If thus tolled, the time begins to run again from the decision on the last timely post-judgment motion. *See id.* There is an exception, however: A successive post-judgment motion that seeks the same or similar relief as an earlier filed post-judgment motion does not further toll the time to appeal. *See Charles L.M. v. N.E. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) (holding that a successive identical post-judgment motion does not toll the time to appeal as recognized by "well-established authority in this and other circuits"); *see also Thomas v. Stafflink, Inc.*, 855 F. App'x 983, 984 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1386 (2022) (finding a notice of appeal untimely due to this principle); *Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 465 (5th Cir. 2020) (same). Our court has held, so we are bound, that

---

[1] The government did not intervene here; therefore, the ordinary 30-day deadline under Fed. R. App. P. 4(a)(1)(A) applies. *See U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 931 (2009).

No. 22-10137

this holds true when the second motion is identical to the first. *Id.* The 30-day time for appeal ran from the district court's denial of Relator's first Rule 59(e) motion.

This longstanding rule aims to prevent gamesmanship of the time to file an appeal. *See Charles L.M.*, 884 F.2d at 871 ("The interest of finality requires that parties generally get only one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal."). While the situation here does not implicate gamesmanship, it falls within our precedent that a successive identical post-judgment motion does not serve to toll the deadline. *See id.* If ever a party is at risk of an untimely notice of appeal under this principle, it may file notice to preserve its appeal, even while a post-judgment motion is pending. *See Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005).

Defendants' motion to dismiss is GRANTED, and this appeal is DISMISSED.