# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2023

Lyle W. Cayce
Clerk

No. 23-20092
Summary Calendar

———————

Roosevelt L. Lincoln, *also known as* Roosevelt L. Linicomn, Jr.,

*Plaintiff—Appellant*,

*versus*

Harris County Sheriff's Office/Health Systems; Precinct 4 Constable Riley; Constable Precinct 4 Officer 1; Constable Precinct 4 Officer 2; Harris County Constable's Office for Precinct 4, Complaint Tracking System; Gaston Casillas,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4207

———————

Before Jones, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Roosevelt L. Lincoln moves for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed his pro se 42 U.S.C. § 1983 complaint without prejudice for failure to timely serve the named defendants in accordance with Federal Rule of Civil Procedure 4(m), and it subsequently denied his series of motions seeking relief under Federal Rules of Civil Procedure 59(e) and 60(b). We liberally construe Lincoln's pro se notice of appeal, which does not specify the judgment or order from which the appeal is taken, to designate the judgment of dismissal and the denials of all postjudgment motions. *See* FED. R. APP. P. 3(c)(1)(B); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Williams v. Henagan*, 595 F.3d 610, 616 (5th Cir. 2010).

We must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Once the district court denied Lincoln's Rule 59(e) motion on November 30, 2022, the 30-day period for filing his notice of appeal from the judgment of dismissal and the Rule 59(e) denial commenced. *See* FED. R. APP. P. 4(a)(1)(A) and (4)(A)(iv). The filings of his subsequent Rule 60(b) motions, which raised arguments substantially identical to those raised in his Rule 59(e) motion, did not toll the Rule 4 appellate deadline. *Charles L.M. v. Northeast Independent School Dist.*, 884 F.2d 869, 870-71 (5th Cir. 1989) (holding that, once district court denied appellant's first Rule 59(e) motion, Rule 4 appeal period began running and was not interrupted by filing of second motion to reconsider raising same arguments). Thus, the March 8, 2023 notice of appeal is untimely as to the judgment of dismissal, the denial of Rule 59(e) relief, and the December 8, 2022 denial of Rule 60(b) relief. *See* FED. R. APP. P. 4(a)(1)(A) and (4)(A)(iv). We therefore have jurisdiction to consider only Lincoln's timely appeal from the February 14, 2023 dismissal of his December 19, 2022, and

January 23, 2023 Rule 60(b) motions, which motions contended that he had been prevented from timely serving the defendants by his wrongful incarceration. *See* FED. R. APP. P. 4(a)(1)(A); *Bowles*, 551 U.S. at 214; *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) (explaining that denial of Rule 60(b) motion is separately appealable, but such appeal does not bring up underlying judgment for review).

Lincoln's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Lincoln does not address the court's dismissal of his December 2022 and January 2023 Rule 60(b) motions for lack of jurisdiction and as moot; he has therefore abandoned any challenge to the dismissal on those grounds. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that pro se appellant must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed). Further, although Lincoln contends that he was prevented from serving the defendants because he was wrongly incarcerated for approximately four months between April and August 2022, the district court reasoned that he had been afforded ample time and opportunity when he was not incarcerated to serve the defendants (his suit had been pending for over one year and 10 months when the court dismissed it), and he does not substantively address this rationale. *See Brinkmann*, 813 F.2d at 748. He thus raises no nonfrivolous argument that the district court abused its discretion by dismissing his December 2022 and January 2023 Rule 60(b)

motions. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010); *Howard*, 707 F.2d at 220.

Lincoln's motion to proceed IFP is DENIED, and his appeal is DISMISSED in part for lack of jurisdiction and in remaining part as frivolous. *See Bowles*, 551 U.S. at 214; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.