# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2024

Lyle W. Cayce
Clerk

No. 24-30024
Summary Calendar

————————

Patriot Disaster Specialist, L.L.C., *as Assignee of Mary Bergeron*,

*Plaintiff—Appellant*,

*versus*

Standard Fire Insurance Company, A subsidiary of the Travelers Companies,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-1687

———————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Patriot Disaster Specialist, LLC ("Patriot") alleges that the district court erred by entering its October 23, 2023 and December 15, 2023 orders in favor of Defendant-Appellee Standard Fire Insurance Company ("Standard Fire"). The October 23, 2023 order (1)

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denied Patriot's motion for reconsideration of the court's August 17, 2023 order, which granted Standard Fire's motion to dismiss Patriot's claims pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) granted Standard Fire's motion to disqualify Patriot's counsel; (3) denied Patriot's motion to strike the affidavits attached to Standard Fire's motion to disqualify counsel; and (4) denied Patriot's motion for leave to file a sur-reply. The December 15, 2023 order denied Patriot's motion for reconsideration of the court's October 23, 2023 order disqualifying counsel for Patriot, denying Patriot's motion to strike affidavits, and denying Patriot's motion for leave to file a sur-reply.

Our review of the record reveals that we lack jurisdiction over Patriot's motion for reconsideration of the district court's dismissal of its claims pursuant to Rule 12(b)(6) because the notice of appeal was untimely. Having concluded that we lack subject matter jurisdiction to hear the underlying suit, we DISMISS as moot Patriot's appeal concerning the district court's: (1) grant of Standard Fire's motion to disqualify counsel for Patriot; (2) denial of Patriot's motion to strike Standard Fire's affidavits; and (3) denial of Patriot's motion for leave to file a sur-reply.

## I.

The relevant dates are as follows. On July 11, 2023, Standard Fire moved to dismiss the claims against it under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. On July 14, 2023, the district court granted Patriot's motion for leave to withdraw counsel and directed Patriot to enroll new counsel within 30 days. In that order, the district court cautioned Patriot that failure to enroll new counsel may result in dismissal of all claims. Patriot, however, failed to enroll new counsel and failed to file a timely opposition to the motion to dismiss. On August 17, 2023, the district court granted Standard Fire's unopposed motion to dismiss Patriot's claims

pursuant to Rule 12(b)(6). On September 14, 2023, Patriot moved the district court to reconsider its dismissal order pursuant to Federal Rule of Civil Procedure 59(e). That motion was denied on October 23, 2023. On November 16, 2023, Patriot filed a second motion to reconsider its dismissal order pursuant to Rule 59(e). On December 15, 2023, Patriot's second motion was denied. Patriot filed its notice of appeal on January 11, 2024.

## II.

This court has a duty to examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties ordinarily have 30 days from entry of judgment to file such a notice, but this requirement is tolled by a timely post-judgment motion pursuant to Federal Rule of Civil Procedure 59 or 60. *See* Fed. R. App. P. 4(a)(4)(A)(iv)–(vi). However, a successive post-judgment motion that seeks the same or similar relief as an earlier filed post-judgment motion does not further toll the time to appeal. *See Charles L.M. v. N.E. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) (holding that a successive identical post-judgment motion does not toll the time to appeal as recognized by "well-established authority in this and other circuits"); *see also Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 465 (5th Cir. 2020) (concluding that a notice of appeal was untimely); *Thomas v. Stafflink, Inc.*, 855 F. App'x 983, 984 (5th Cir. 2021) (same), *cert. denied*, 142 S. Ct. 1386 (2022).

It falls within our precedent that a successive identical post-judgment motion does not serve to toll the deadline. *Charles L.M.*, 884 F.2d at 870. Thus, in the instant case, the 30-day period for appeal of the dismissal pursuant to Rule 12(b)(6) ran from the district court's denial of Patriot's first Rule 59(e) motion on October 23, 2023. Patriot's filing of its second motion

for consideration on November 16, 2023 did not interrupt the running of the time for appeal of the original dismissal order. Thus, dismissal of that appeal is proper here as untimely under Rule 4(a). *Charles L.M.*, 884 F.2d at 870–71 ("The interest of finality requires that parties generally get only one bite at the [Rule] 59(e) apple for the purpose of tolling the time for bringing an appeal."); *Eleby v. Am. Med. Sys.*, 795 F.2d 411, 412–13 (5th Cir. 1986). Accordingly, we will not review Patriot's appeal of the district court's order denying its motion for reconsideration of the Rule 12(b)(6) dismissal.

## III.

Still, Patriot attempts to appeal the district court's December 15, 2023 order denying its Rule 59(e) motion to reconsider the court's order disqualifying counsel for Patriot, denying Patriot's motion to strike affidavits, and denying Patriot's motion for leave to file a sur-reply. Because Patriot's notice of appeal was filed more than 30 days after the October 23, 2023 order denying its motion for reconsideration, it is untimely as to the underlying judgment of dismissal. There is no live controversy for this court to adjudicate. Thus, we dismiss as moot the appeal as to the motions for disqualification, to strike affidavits, and for leave to file a sur-reply. *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 204 (5th Cir. 2010) (citation and internal quotation marks omitted) (requiring that "litigants retain a personal interest in a dispute at its inception and throughout the litigation"); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citation and internal quotation marks omitted) (holding that a claim is moot if it becomes "impossible for the court to grant any effectual relief whatever to a prevailing party"); *see aslo Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003). Because we lack jurisdiction, we do not consider the merits of Patriot's arguments that the district court abused its discretion in denying its Rule 59(e) motions.

No. 24-30024

## IV.

This appeal is DISMISSED.