■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE FELIPE, Appellant.—

Contrary to defendant's contention, the weight of the evidence supports the jury's verdict. *(See, People v Bleakley,* 69 NY2d 490.) Defendant has failed to establish that the testimony of the DEA agent and the confidential informant was incredible. Although the testimony at trial concerning defendant's participation in this transaction was in conflict, it does not appear that the jury failed to give the evidence the weight it should have been accorded notwithstanding codefendant Ocasio's acquittal.

We have considered defendant's argument that it was error to introduce the cocaine into evidence because the People failed to establish a complete chain of custody, and find it to be without merit. The testimony at trial provided reasonable assurance that the exhibit introduced was the unchanged contraband that had been seized by the police. *(People v Julian,* 41 NY2d 340.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS R. KITCHEN, Appellant, v JANICE WHITE, as Superintendent of Manhattan House of Detention, Respondent.—

After a bench trial, appellant was convicted of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. He thereafter brought a petition for a writ of habeas corpus claiming that he had been denied his statutory right to testify before the Grand Jury. A writ of habeas corpus is an inappropriate method to review issues which may be raised on direct appeal. *(People ex rel. Goss v Smith,* 69 NY2d 727.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.