■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RIOS, Also Known as ROBERT MALIETZ, Appellant.— Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered August 29, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing defendant to concurrent indeterminate terms of imprisonment of from 6½ to 13 years, is unanimously affirmed.

Defendant was arrested for selling $20 worth of cocaine to an undercover police officer. The officer testified at trial that she observed the defendant take the drugs from a bag, which he stashed underneath the front bumper of a yellow car. The backup arresting officer seized $20 in prerecorded buy money from defendant's person, and recovered five additional packets of cocaine from under the bumper of the yellow car.

Viewing the evidence in a light most favorable to the People, there is ample evidence from which any rational trier of fact could find the essential elements of the crimes charged, beyond a reasonable doubt *(People v Contes,* 60 NY2d 620, 621). There simply is no evidence that the defendant did not have the disputed tattoo on his left hand as testified to by police officers. The jury was given the opportunity to view the defendant's hand, and any issues of credibility brought about by inconsistencies in the officers' testimony were primarily for the jury to resolve. *(People v Gruttola,* 43 NY2d 116, 122.)

With respect to the chain of custody of the "buy" money recovered from defendant's person we find that the circumstances testified to are sufficient to provide a reasonable assurance of the identity and unchanged condition of the evidence *(see, People v Julian,* 41 NY2d 340, 343; *People v Felipe,* 158 AD2d 437, *lv denied* 76 NY2d 734). We also find that there was sufficient evidence from which the jury could

find that defendant exercised dominion and control over the drugs that were located under the front bumper of a nearby car (Penal Law § 10.00 [8]; *People v Nickens,* 121 AD2d 199, *lv denied* 72 NY2d 960; *People v Morales,* 162 AD2d 128).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Kupferman, JJ.