OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered December 13, 2002 affirmed.
The court properly denied defendant’s suppression motion. There is no basis for disturbing the court’s credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The record supports the court’s holding that, in the course of lawfully investigating a radio report of an assault in progress, the arresting police officer saw, in plain view, what immediately appeared to be (and in fact was) the butt of an automatic weapon on the floorboard behind the driver’s seat of the defendant’s double-parked car. Application of the plain view exception is not precluded by the officer’s candid acknowledgment that he initially was not positive that the square, black object protruding behind the driver’s seat was a weapon. The plain view doctrine, rather than requiring near certainty as to the incriminating nature of the object, “merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief . . . that certain items may be contraband” (Texas v Brown, 460 US 730, 742 [1983] [internal quotation marks omitted], quoted in People v Batista, 261 AD2d 218, 221 [1999], lv denied 94 NY2d 819 [1999]). The suppression record, including the credited police testimony that defendant stated at the scene that he “wanted . . . vengeance” against individuals said to be in the immediate area who had “shot out” his shattered car window, compels a finding that the police had probable cause to associate the square, black object observed inside defendant’s car with criminal activity, even though the arresting officer did not know for certain that it was a gun until he retrieved it (see People v Batista, 261 AD2d 218 [1999], supra; see also Koza v State, 100 Nev 245, 681 P2d 44 [1984]; People v Smith, 101 Ill App 3d 772, 428 NE2d 641 [1981]).
*69 Also unavailing is defendant’s challenge to his conviction on sufficiency and weight of the evidence grounds. Again, there is no basis for disturbing the court’s determinations concerning credibility. Contrary to defendant’s claims, the ballistics evidence presented by the People demonstrated that the gun was operable (see People v Cavines, 70 NY2d 882 [1987]; Matter of Shallany S., 11 AD3d 414 [2004]) and there was sufficient evidence from which the factfinder could infer that defendant exercised dominion and control over the gun that was found behind the driver’s seat of his nearby car (Penal Law § 10.00 [8]; see People v Rios, 171 AD2d 582 [1991], lv denied 77 NY2d 999 [1991]).
Suarez, PJ., McCooe and Schoenfeld, JJ., concur.