*Global Supplies v. Electrolux*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

GLOBAL SUPPLIES NY, INC.,

> *Plaintiff-Appellant*,

> v.                                                                21-674

ELECTROLUX HOME PRODUCTS, INC.

> *Defendant-Appellee.*\*

_____

For Plaintiff-Appellant:              Mark Schlachet (Law Offices of Mark Schlachet), Surfside, FL.

---

\* While this appeal was pending, Plaintiff-Appellant agreed to voluntarily dismiss with prejudice former appellee Simple Wishes, LLC. The Clerk of Court is respectfully directed to amend the official caption as set forth above.

For Defendant-Appellee: Andrew Pratt (Devlin Law Firm LLC), Wilmington, DE; Robert E. Bugg & Robert Pickens (Venable LLP), New York, NY; Ray Ashburg (Electrolux), Charlotte, NC.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** with respect to Electrolux Home Products, Inc. and the case **REMANDED** to the district court to transfer the case to an appropriate jurisdiction with respect to Electrolux Home Products, Inc., and the judgment of the district court is **VACATED** with respect to Simple Wishes, LLC and the case **REMANDED** to the district court to enter a judgment of dismissal with respect to the claim against Simple Wishes, LLC.

Plaintiff-Appellant Global Supplies NY, Inc. ("Global Supplies") appeals from the district court's March 24, 2021 judgment dismissing its amended complaint ("AC"). *Glob. Supplies NY, Inc. v. Electrolux Home Prods., Inc.*, No. 19-CV-4823-LDH-CLP, 2021 WL 1108636, at *4 (E.D.N.Y. Mar. 23, 2021). Global Supplies alleges that Defendant-Appellee Electrolux Home Products, Inc. ("Electrolux") tortiously interfered with Global Supplies's existing and prospective business relationship with Amazon by submitting a false intellectual property complaint to Amazon so that it would remove Global Supplies's store from its online marketplace. Although the district court acknowledged that it lacked personal jurisdiction over Electrolux, the court declined to transfer the case to an appropriate jurisdiction after determining that the claim—labeled "tortious interference" in Global Supplies's amended complaint—was substantively a claim for defamation, and was time-barred under New York's one-year statute of limitations for defamation. *Id.* at *2 ("[Because] the claims against Electrolux and Simple Wishes are time-barred[, ]the

interest of justice does not weigh in favor of transfer here. Accordingly, Plaintiff's claim against Electrolux is dismissed."); *id.* at \*4. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review *de novo* the district court's Rule 12(b)(6) dismissal of Global Supplies's amended complaint. *See CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017). To survive a Rule 12(b)(6) motion to dismiss, the amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We are "required to accept all well-pleaded factual allegations in the complaint as true" and "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff," but we need not credit conclusory allegations. *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (internal quotation marks and citations omitted). Sitting in diversity jurisdiction, we apply New York statutes of limitations. *See Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015).

Global Supplies argues that the district court erred by refusing to transfer the case to an appropriate jurisdiction after determining that its claim is substantively a claim for defamation and barred by N.Y. C.P.L.R. 215(3)'s one-year statute of limitations. We agree. Under New York law, "[i]n determining which statute of limitations is applicable to a cause of action, it is the essence of the action and not its mere name that controls." *Koplinka-Loehr v. Cty. of Tompkins*, 139 N.Y.S.3d 661, 664 (N.Y. App. Div. 2020) (citation omitted); *Ullmannglass v. Oneida, Ltd.*, 927 N.Y.S.2d 702, 704 (N.Y. App. Div. 2011) (same). In other words, we must look at the substance of the claim to determine the applicable statute of limitations.

3

New York's one-year statute of limitations for defamation claims applies where the plaintiff "seek[s] damages only for injury to reputation, [or] where the entire injury complained of by plaintiff flows from the effect on his reputation." *Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (second alteration in original) (citation omitted); *Jain v. Sec. Indus. & Fin. Markets Ass'n*, No. 08 Civ. 6463 (DAB), 2009 WL 3166684, at *9 (S.D.N.Y. Sept. 28, 2009) (same) (first quoting *Balderman v. Am. Broad. Cos., Inc.*, 738 N.Y.S.2d 462, 470 (N.Y. App. Div. 2002) and then indirectly quoting *Goldberg v. Sitomer, Sitomer & Porges*, 469 N.Y.S.2d 81, 82 (N.Y. App. Div. 1983), *aff'd* 472 N.E.2d 44 (N.Y. 1984)); *see* N.Y. C.P.L.R. 215(3) (statute of limitations); *Biro v. Condé Nast*, 95 N.Y.S.3d 799, 800 (N.Y. App. Div. 2019) (generally accruing on the date of first publication). "New York courts treat harm stemming from injury to reputation as sounding in defamation, and do not recognize separate torts as additional causes of action." *Goldman v. Barrett*, 733 F. App'x 568, 570 (2d Cir. 2018) (citing *Morrison v. Nat'l Broad. Co.*, 227 N.E.2d 572, 574 (N.Y. 1967)). A "defamation cause of action has 'broad reach' because, 'unlike most torts, defamation is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished.'" *Ganske v. Mensch*, 480 F. Supp. 3d 542, 556 (S.D.N.Y. Aug. 20, 2020) (quoting *Morrison*, 227 N.E.2d at 574).

For tortious interference claims, conversely, the three-year statute of limitations applies where the "gravamen of [the] complaint is economic injury, rather than merely reputational harm." *Amaranth LLC v. J.P. Morgan Chase & Co.*, 888 N.Y.S.2d 489, 494 (N.Y. App. Div. 2009); *see* N.Y. C.P.L.R. 214(4) (statute of limitations); *Am. Fed. Grp., Ltd. v. Edelman*, 722 N.Y.S.2d 870, 870 (N.Y. App. Div. 2001) (generally accruing when the injury is sustained). New York's Appellate Division has emphasized that where a "complaint does not rely *merely* on *generalized* reputational harm," and instead relies on economic injury, the claim "sounds in tortious

4

interference." *Amaranth*, 888 N.Y.S.2d at 495 (emphases added); *see also Koplinka-Loehr*, 139 N.Y.S.3d at 664; *Ullmannglass*, 927 N.Y.S.2d at 704–05. For instance, an allegation that "a specific business relationship . . . has been harmed" suggests that the claim is substantively for tortious interference. *Amaranth*, 888 N.Y.S.2d at 495. On the other hand, an allegation of harm to "professional reputation that had an indirect effect on [the] ability to form business relationships" suggests that a claim sounds in defamation. *Id.* Still, allegations about the defendant's words alone may be sufficient to adequately allege a claim for tortious interference. *Ullmannglass*, 927 N.Y.S.2d at 704 (citing *Classic Appraisals Corp. v. DeSantis*, 552 N.Y.S.2d 402, 403 (N.Y. App. Div. 1990)).

Reading the amended complaint in the light most favorable to Global Supplies, we conclude that the district court erred in determining that Global Supplies's claim is substantively a claim for defamation, not tortious interference. The claim sounds in tortious interference because it is chiefly based on economic injury, not merely generalized reputational harm. *See Amaranth*, 888 N.Y.S.2d at 495. Global Supplies alleges, for example, that Electrolux made a knowingly false intellectual property complaint to Amazon and refused to retract the claim when requested by Global Supplies. *See* AC ¶ 63 (pleading that its "entire loss would have been avoided had Defendants . . . simply emailed a one-sentence retraction of their unlawful IP Complaints"). It also alleges that it had a *specific* business relationship with Amazon, *see* AC ¶ 7, and that Electrolux knew of that relationship and that the relationship would be harmed by reporting Global Supplies for patent infringement, *see* AC ¶ 27. *See also* AC ¶ 64 (pleading that "[t]he Amazon platform is an 'essential facility' for any third-party seller in the world of retail ecommerce," "[a]bout 50% of all online retail sales occur on Amazon," and "[t]here is no substitute platform to reach the Amazon customer base"); AC ¶ 52 (seeking $750,000 in damages, including

$574,000 in lost profits, Amazon storage charges, lost inventory, the cost of getting reinstated at Amazon, and other fees). Global Supplies does not allege that it suffered some generalized reputational harm as a result of Electrolux's false complaint, or that the defendants' complaints merely harmed its ability to form business relationships with Amazon and others. *See Amaranth*, 888 N.Y.S.2d at 495. Rather, Electrolux's complaint had the specific effect of causing Amazon to terminate its business relationship with Global Supplies.

Electrolux argues that the district court correctly determined that Global Supplies's commercial and financial injury "flow[ed] directly from the harm on [Global Supplies's] reputation caused by the allegedly libelous IP Complaints." *See Glob. Supplies*, 2021 WL 1108636, at *3. We are not persuaded. True, we have said that plaintiffs claiming tortious interference must allege an "independent source of harm," as opposed to simply basing a tortious interference claim entirely on defamatory comments. *See Goldman*, 733 F. App'x at 571. But a claim does not sound in defamation rather than tortious interference merely because the complaint contains allegations of defamation. *See Amaranth*, 888 N.Y.S.2d at 494 ("Defamation is a predicate wrongful act for a tortious interference claim."). Global Supplies plausibly alleges that its economic harm was not directly and solely caused by generalized damage to its reputation. It alleges, for instance, that Amazon itself cited Electrolux's IP Complaint and Global Supplies's failure to get Electrolux to withdraw the IP Complaint as reason for Global Supplies's expulsion from the Amazon platform. AC ¶ 27. While the complaints from Electrolux and others may have ultimately "stain[ed]" Global Supplies's reputation, the direct and proximate cause of the termination of its business relationship with Amazon was that Global Supplies was the target of a sufficient number of unretracted intellectual property complaints. *See* AC ¶ 47 (pleading that Amazon's policy warning states: "We consider allegations of intellectual property infringement

6

a serious matter and your account is under review. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com."); AC ¶ 59 (pleading that Amazon uses "automated" "algorithmic surveill[ance]" to monitor intellectual property complaints and ban users for violations). There is no allegation that Amazon actually considered the substance of Electrolux's complaint when deciding to terminate its business relationship with Global Supplies. In this particular situation, as pled within the amended complaint, Electrolux's intellectual property complaint was a direct interference with Global Supplies's business relationship with Amazon.

Having determined that Global Supplies's claim is substantively a claim for tortious interference, we conclude that the claim is not time-barred by New York's three-year statute of limitations for tortious interference claims. N.Y. C.P.L.R. 214(4). Amazon terminated its business relationship with Global Supplies on April 29, 2019, based on the allegations in the amended complaint. Global Supplies commenced this action on August 22, 2019—less than three years after the accrual date of the alleged tortious interference. The district court erred in concluding that Global Supplies's claim is time-barred.[1]

* * *

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **REVERSE** the judgment of the district court with respect to Electrolux and

[1] Electrolux also argues that this Court lacks appellate jurisdiction because the district court dismissed Global Supplies's claim against Electrolux for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and Global Supplies solely appealed the question of whether the district court erred in dismissing the claim on statute of limitations grounds. True, the district court granted Electrolux's motion to dismiss for lack of personal jurisdiction. *Glob. Supplies*, 2021 WL 1108636, at *4. But after determining that it lacked personal jurisdiction over Electrolux, the district court ultimately declined to transfer the case to an appropriate district because it determined that the claim was barred by the one-year statute of limitations for defamation claims. *Id.* at *2. Global Supplies's appeal challenging the basis of that ruling is appropriate, and this Court has appellate jurisdiction on review.

7

**REMAND** to the district court to transfer the case to an appropriate jurisdiction with respect to Electrolux, and **VACATE** the judgment with respect to Simple Wishes, LLC and **REMAND** the case to the district court to enter a judgment of dismissal with respect to the claim against Simple Wishes, LLC.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court