# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2020

Lyle W. Cayce
Clerk

No. 19-40553

Joshua Edwards, *individually and on behalf of others similarly situated*; Francisco Gutierrez; Humberto J. Morales; Ricky Martin; Ernesto Flores; et al.,

*Plaintiffs—Appellants/Cross-Appellees,*

*versus*

4JLJ, L.L.C., *doing business as* J4 Oilfield Services; John Jalufka,

*Defendants—Appellees/Cross-Appellants,*

_____

Rodrigo Tarango, Jr.

*Plaintiff—Appellant/Cross-Appellee,*

*versus*

4JLJ, L.L.C., *doing business as* J4 Oilfield Services; John Jalufka,

*Defendants—Appellees/Cross-Appellants.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-cv-299

---

ON PETITION FOR REHEARING

Before WIENER, GRAVES, and WILLETT, *Circuit Judges*.

DON R. WILLETT, *Circuit Judge*:

Treating Appellees' Petition for Rehearing En Banc as a Petition for Panel Rehearing, we GRANT it. The prior opinion, *Edwards v. 4JLJ, LLC*, No. 19-40553 (5th Cir. Sept. 2, 2020), is withdrawn, and the following opinion is substituted:

4JLJ, LLC provides oil well pump and frack services. A group of its employees sued under the Fair Labor Standards Act, alleging that 4JLJ and its owner John Jalufka violated the FLSA's overtime wage mandates.[1] The case was tried before a jury, which held for 4JLJ in all respects. After the verdict, the Employees filed two identical motions for judgment as a matter of law, which were both denied. The district court, however, did impose monetary sanctions on 4JLJ over a contentious discovery dispute and awarded the company only $14,920 of its requested $44,553 in costs under Rule 54(d) of the Federal Rules of Civil Procedure. The Employees appeal the denial of their motions for judgment as a matter of law, and 4JLJ cross-appeals the sanctions and cost awards. We dismiss the Employees' appeal in its entirety and 4JLJ's cross-appeal of the sanctions for lack of jurisdiction. We affirm the district court's cost award.

---

[1] We refer to both defendants simply as 4JLJ.

No. 19-40553

I

We start (and end) with jurisdiction.[2] "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."[3] Generally, a notice of appeal must be filed within 30 days after the entry of the judgment or order that is being appealed.[4] However, certain motions under the Federal Rules of Civil Procedure toll the clock.[5] After a motion is denied, though, a second one based on the same grounds will not further delay the appeal deadline.[6] We treat the district court's entry of final judgment as an implicit denial of

---

[2] *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999) ("We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, *sua sponte* if necessary."). As this substituted opinion reflects, the jurisdictional point that 4JLJ flagged at oral argument (though, unfortunately, not in its original briefing) merited closer study. While we rely on counsel to frame the disputed issues and to brief their best arguments— and to address jurisdiction in the first instance, *see* Fed. R. App. P. 28(a)(4) (requiring a formal "jurisdictional statement")—we must always independently confirm our appellate jurisdiction. As 4JLJ points out in its Petition for Rehearing, the 30-day deadline in Fed. R. App. P. 4(a)(1) has a statutory anchor, 28 U.S.C. § 2107(a), thus making it jurisdictional. The fact that this argument was missing from 4JLJ's original briefing makes it no less correct. The 30-day deadline is no mere processing rule set by the Supreme Court in Rule 4; it is a jurisdictional rule set by Congress in § 2107. And since ensuring our jurisdiction is ultimately our responsibility, we must eat a bit of jurisdictional crow. But as Justice Frankfurter elegantly put it, "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting).

[3] *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017).

[4] Fed. R. App. P. 4(a)(1)(A).

[5] *Id.* at 4(a)(4)(A).

[6] *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 871 (5th Cir. 1989) ("The interest of finality requires that parties generally get only one bite at the rule 59(e) apple for the purpose of tolling the time for bringing an appeal."); *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir. 1992).

No. 19-40553

"any outstanding motions, even if the court does not explicitly deny a particular motion."[7]

Here, the Employees filed a motion for judgment as a matter of law and, alternatively, a new trial, on March 12, 2019. The district court entered final judgment on March 27 without expressly addressing that motion, thus implicitly denying it. On April 10, the Employees refiled the motion. The refiled version was identical to the March 12 version that the judgment implicitly denied. It therefore did not toll the appeal deadline and the 30 days began to run with the entry of judgment on March 27.[8] The Employees did not file a notice of appeal until June 12. Because that notice was untimely under 28 U.S.C. § 2107, the Employees' appeal must be dismissed for lack of jurisdiction.

We similarly lack jurisdiction over 4JLJ's cross-appeal of the order imposing monetary sanctions. Subject to limited exception, our jurisdiction extends only to appeals from "final decisions."[9] "An appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment, even when those prior orders are not specifically delineated in the notice of appeal."[10] So to appeal a pre-judgment but nonfinal decision, like the sanctions order, 4JLJ would appeal the final judgment. And that appeal must be filed within 30 days of judgment being entered, which again was

---

[7] *Snider v. L-3 Commc'ns Vertex Aerospace, LLC*, 946 F.3d 660, 667 (5th Cir. 2019).

[8] *See Charles L.M.*, 884 F.2d at 870 ("We have squarely held that where an appellant files a second motion to reconsider based upon substantially the same grounds as urged in the earlier motion, the filing of the second motion does not interrupt the running of the time for appeal, and the appeal must be dismissed." (citation omitted)).

[9] 28 U.S.C. § 1291; *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs*, 571 U.S. 177, 179 (2014).

[10] *Armour v. Knowles*, 512 F.3d 147, 156 (5th Cir. 2007) (cleaned up).

No. 19-40553

March 27 here.[11] 4JLJ's June 24 notice of cross-appeal was thus untimely with respect to the pre-judgment imposition of monetary sanctions.

However, issues raised for the first time after entry of judgment can be appealed within 30 days of the relevant order,[12] so 4JLJ's June 24 appeal was timely with respect to the June 3 post-judgment order allocating costs.

## II

We turn now to the merits of 4JLJ's surviving argument that the district court's Rule 54(d) cost allocation was an abuse of discretion. Despite a "strong presumption that the prevailing party will be awarded costs," we will reverse a district court's decision regarding costs for an abuse of discretion.[13] Our review is narrow because the district court has wide discretion under Rule 54 to decide whether, and to what extent, to award costs.[14] It may reduce or deny costs for many reasons,[15] although it must articulate its reasons for doing so.[16]

Here, the district court articulated its reasons in its order on the bill of costs. In the district court's view, reducing costs was necessary "to ensure that its sanctions [were] effective and not unduly offset by [4JLJ's] costs." And the court based its decision on facts in the record suggesting that 4JLJ had engaged in evasive discovery practices. 4JLJ argues that the court's decision to reduce Rule 54 costs was punitive because it was layered atop

---

[11] Fed. R. App. P. 4(a)(1)(A).

[12] *Id.*; *Burnley v. City of San Antonio*, 470 F.3d 189, 200 (5th Cir. 2006).

[13] *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

[14] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998).

[15] *See Pacheco*, 448 F.3d at 794 (listing "misconduct by the prevailing party" as a reason for withholding costs from the prevailing party).

[16] *Id.*

prior sanctions. We reject this argument. By denying 4JLJ some of the costs it would have otherwise been entitled to, the district court sought to ensure that the costs would not offset the monetary sanctions the court awarded to the Employees. In light of its "superior understanding of the litigation,"[17] we find no basis to question the district court's decision to reduce these costs.

## CONCLUSION

We DISMISS the Employees' appeal and 4JLJ's cross-appeal of the monetary sanctions award for lack of jurisdiction. We AFFIRM the cost allocation.

---

[17] *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017).