# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2022

Lyle W. Cayce
Clerk

No. 21-60838
Summary Calendar

Sharron Hawkins,

*Plaintiff—Appellant*,

*versus*

City of Lexington; Chief Robert Kirklin, *in his official capacity*; Officer Markus March, *in his individual and official capacity*; Officer Elijah Brooks, *in his individual and official capacity*; Officer John Doe, *in his/her individual and official capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-606

Before Jolly, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60838

Sharron Hawkins, proceeding *pro se*, challenges the district court's taxation of $3,144.80 in costs against her following her unsuccessful civil rights suit. Finding no abuse of discretion, we AFFIRM.

I

Sharron Hawkins filed suit claiming the defendants violated various of her rights under 42 U.S.C. § 1983 and state law, most of which occurred following an adverse encounter with law enforcement at a laundromat. A third party accused Hawkins of stealing her laundry and called police. Police arrived, handcuffed Hawkins while investigating, and released her eight minutes later after a review of security footage showed Hawkins had not stolen anything. The district court dismissed all of Hawkins's claims at summary judgment, finding that her assertion that officers used excessive force was contradicted by video evidence. Hawkins does not contest the grant of summary judgment on appeal, but instead challenges only the district court's decision to tax costs of $3,144.80 to her.

II

We review the district court's decision to award costs for abuse of discretion. *Edwards v. 4JLJ, LLC*, 976 F.3d 463, 466 (5th Cir. 2020). "Our review is narrow because the district court has wide discretion . . . to decide whether, and to what extent, to award costs." *Id.* There is a "strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Financial hardship, without more, is not a sufficient reason to deny costs. *Smith v. Chrysler Grp., LLC*, 909 F.3d 744, 753 (5th Cir. 2018); *see also Moore v. CITGO Refin. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013) ("[R]educing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law.").

No. 21-60838

Here, the district court properly exercised its discretion in imposing costs on Hawkins. The court acknowledged Hawkins's assertion that the costs would pose a financial hardship due to her unemployment and carefully considered any factors which might justify denying costs. However, as the district court found, there was no misconduct by defendants, nor did the case present a close issue of unsettled law or confer a significant benefit on the public. *See Smith*, 909 F.3d at 753. As we have indicated, Hawkins's financial difficulties alone cannot support the denial of costs. *Id.* And while Hawkins argues that the attorney who represented her in district court proceedings failed to notify her that she could be forced to pay costs, we have never held that any such explicit warning is required. Hawkins has thus failed to overcome the presumption that costs will be awarded.

Because there was no abuse of discretion in the district court's award of costs, the judgment of the district court is

AFFIRMED.