# United States Court of Appeals for the Fifth Circuit

_____

No. 25-20254
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2026

Lyle W. Cayce
Clerk

Willis Floyd Wiley,

*Plaintiff—Appellant*,

*versus*

Kevin Deese, *Houston Texas Assistant Police Chief*; Ernest Garcia, *Houston Texas Assistant Police Chief*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-2748

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Willis Floyd Wiley, pro se and in forma pauperis, initiated the instant action in June 2025. That same month, the district court construed the initial filing as a civil complaint and dismissed the complaint without prejudice for

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20254

failure to state a claim on which relief may be granted. Wiley has now appealed, and he has also filed a motion in this court for default judgment.

As an initial matter, Wiley's brief raises arguments regarding the July 2024 dismissal of a different district court case as well as the April 2025 remand of another case back to state court. *See Wiley v. Deese,* No. 4:24-CV-2343, 2024 WL 3558393 (S.D. Tex. July 26, 2024). Because he did not file a timely notice of appeal from those orders, we lack jurisdiction to review them. *See* Fed. R. App. P. 4(a)(1)(A); *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007); *accord Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 465 (5th Cir. 2020). Moreover, the district court did not err by dismissing the complaint in the instant proceeding because the complaint failed to state a claim for denial of meaningful access to the courts, given that Wiley did not allege that he was delayed or prevented from pursuing his claims. *See Woodard v. Andrus*, 419 F.3d 348, 354 (5th Cir. 2005); *see also Dunsmore v. Muth*, 154 F.4th 360, 368-69 (5th Cir. 2025). Finally, and contrary to Wiley's assertion, the failure to file a brief in response does not warrant granting relief in his favor. *See Lefebure v. D'Aquilla*, 15 F.4th 650, 653 (5th Cir. 2021).

Accordingly, this appeal is DISMISSED in part for lack of jurisdiction, and the judgment of the district court is AFFIRMED in part. The motion for default judgment is DENIED.