# United States Court of Appeals for the Fifth Circuit

---

No. 24-20521

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2026

Lyle W. Cayce
Clerk

CONSOLIDATED WITH

---

No. 25-20038

---

KEDRIC CRAWFORD,

*Plaintiff—Appellant*,

*versus*

BRYCE PERKINS; NATHANIEL BROWN; ALYSSA MCDANIEL; IVAN MARTINEZ; BRET RASCH; KEVIN DUNLAP; SHANE MICHAEL DUNLAP; KEITH DOUGHERTY; HARRIS COUNTY; ED GONZALEZ, *Sheriff*; LAXMAN SUNDAR, *Doctor*; CITY OF BAYTOWN; SAMUEL SERRETT,

*Defendants—Appellees*.

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3003
USDC No. 4:21-CV-624
USDC No. 4:21-CV-647

---

24-20521
c/w No. 25-20038

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

This appeal concerns an action brought by Plaintiff-Appellant Kedric Crawford, following a brutal encounter with Baytown City police. Crawford's complaint alleges he was stopped at a gas station, looking for a safe place to set his GPS, while he was traveling to visit his mother in Houston, Texas. While he was stopped, Crawford was approached by Defendant Officer Teddy Sims.[1] Crawford then alleges that the situation devolved and a series of incidents resulted in his being beaten by responding officers, culminating in serious injuries. Despite his contention that he did not resist or commit a crime, Crawford was arrested following the struggle. Following this encounter, Crawford filed three actions in the district court. The cases were later consolidated. In a protracted series of events, Crawford then struggled to meet court deadlines and failed to serve involved parties, which resulted in the dismissal of all parties with the exception of Defendant Teddy Sims.[2] Crawford now appears to challenge the dismissal of those parties, despite the fact that their dismissal took place almost four years ago. Lacking jurisdiction to consider his appeal, we DISMISS this action.

I

Crawford initially brought three separate lawsuits against defendants in district court. *See* (1) *Crawford v. City of Bayton, et al.*, S.D.T.X. No. 4:20-cv-3003; (2) *Crawford v. Harris County and Sheriff Ed Gonzalez*, S.D.T.X.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The claims against Officer Sims have not been dismissed by the district court, and the claims against him remain unresolved. He is not a party to this appeal.

[2] Sims was criminally charged in Texas state court for his involvement in this incident. The charges were later dismissed.

24-20521
c/w No. 25-20038

No. 4:21-cv-624; (3) *Crawford v. Dougherty, et al.*, S.D.T.X. No. 4:21-cv-647. District court Judge Lynn Hughes ordered that the three actions be consolidated. After Crawford filed a voluntary dismissal of one defendant, withdrew that dismissal, and attempted to voluntarily dismiss that defendant again, the district court issued an order to show cause requiring Appellant's counsel to appear in person to justify her concurrent filing of several lawsuits. Following the show-cause hearing, Appellant's counsel was sanctioned for her overlapping, contradictory, and perplexing filings. Appellant was then instructed to consolidate the three lawsuits into one single complaint by April 2, 2021, and to serve all defendants by April 30, 2021.[3] The district court's order specifically warned Appellant that if any defendants were not served by the deadline that they "may be dismissed with prejudice."

On April 1, 2021, one day before the amended complaint deadline, Appellant moved for an extension of time to file his consolidated complaint. That motion was granted, and the deadline was extended to April 23, 2021. Appellant then missed the April 23 deadline, and the district court issued another order to show cause. Appellant's counsel explained, in an untimely motion for extension of time, that she had a previously scheduled surgery and was on "very strong pain medications" and needed more time as a result. The district court noted that counsel's excuse was "poor at best" but to prevent Crawford from being punished by "his own counsel's shortcomings," reset the deadline to file his amended complaint to July 7, 2021, and ordered that Appellant serve all defendants (or re-serve any previously served defendants) by October 5, 2021. Appellant filed amended

---

[3] The consolidated complaint, not filed until July 7, 2021, is difficult to follow. Appellant brought numerous claims, including excessive force under the Fourth and Fourteenth Amendments, as well as a *Monell* liability claim against the City of Baytown. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

complaints on July 6 and 7, 2021,  but failed to serve multiple defendants by the October 5 deadline.[4]  Defendant Harris County then filed a motion to dismiss Appellant's *Monell* claim under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

On November 2, almost a month after the October 5 deadline, Appellant filed a third motion for extension of time to serve the defendants, highlighting a passage from an e-notice regarding the district court's order setting the October 5 deadline.  Appellant's counsel claimed that she misread the e-notice and understood the deadline to be November 4, instead of October 5.  The district court issued an order to file, requiring Appellant to file all executed returns of service and waivers in his possession by November 7.  Also on November 2, Defendant-Appellee Dr. Sundar filed a motion to dismiss under Rules 12(b)(2), 12(b)(5), 12(b)(6) and 4(m).[5]  Similar motions for dismissal based on defective service were filed by other defendants.  On November 7, three days after the date Appellant's counsel claimed she thought was the deadline for service of process, Appellant filed a "supplement" to his motion for extension of time, wherein he requested one additional business day to serve defendants.  Appellant filed a "notice of compliance with order[,]" despite the fact that multiple defendants remained unserved, as required by the district court's order.  The district court denied Appellant's request for an extension of time to "serve at least ten of the defendants—28 days after the deadline to serve ha[d] passed."  Following a flurry of filings of motions to dismiss, on December 16, 2021, the district

---

[4] Throughout Appellant's brief he claims, without support or specifying which defendants he is referencing, that multiple defendants were in fact served by the district court's deadline.

[5] Dr. Sundar's motion indicated that service by Appellant had indeed been attempted, but that such service was "untimely and defective."  Exhibits to Dr. Sundar's motion reveal that Appellant allegedly attempted to serve him via FedEx.

court dismissed defendants Samuel Serrett, Shane Dunlap, Kevin Dunlap, the City of Baytown, Keith Dougherty, Nathanial Brown, Alyssa McDaniel, Ivan Martinez, Bryce Perkins, Brett Rasch, Harris County, Dr. Laxman Sundar, and Ed Gonzalez. Appellant then filed a motion requesting that Judge Hughes, who had been presiding over the case, recuse himself due to personal bias.

On March 14, 2022, the district court stayed the case pending a criminal investigation into Officer Sims. On February 13, 2023, the case was reassigned from Judge Hughes to Judge Tipton. On March 20, 2024, the district court granted Appellant's second motion to reopen the case. Appellant then resumed his pattern of requesting extensions for court-set deadlines. Appellant finally filed a motion for partial summary judgment on the issue of Defendant Sim's qualified immunity. Defendant Sims filed a cross-motion for summary judgment on all remaining claims against him.

After Sims filed his reply to Appellant's opposition to his motion for summary judgment, Appellant apparently intended to file a notice of appeal of the district court's December 16, 2021 order dismissing all remaining defendants except Sims. Confusingly, however, in the body of Appellant's notice of appeal, he indicated that he intended to appeal the court's October 2024 order granting his own unopposed motion to sever the remaining defendants. Appellant then filed a motion for an extension of time to file another appeal. The district court granted Appellant's motion, finding excusable neglect related to his counsel's inability to access CM/ECF from home. Appellant then filed a "supplemented notice of appeal," in which he attempted to appeal "orders granting defendants' . . . motions to dismiss" as well as other orders. Appellant has not clarified which orders he intended to appeal.

24-20521
c/w No. 25-20038

## II

For this court to have jurisdiction over a collateral appeal, the appealed order must "(1) conclusively determine the disputed question; (2) resolve an issue that is completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgment." *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 345 (5th Cir. 2016) (quoting *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 766 (5th Cir. 1996)). An appellant must ordinarily issue an appeal of a district court's order within thirty days. FED. R. APP. P. 4(a).[6]

## III

This case involves two notices of appeal from various orders.[7] The district court had jurisdiction over the alleged federal offenses under 42 U.S.C. § 1983. Crawford filed untimely appeals on February 7, 2025, and February 10, 2025. Due to the vague nature of the appeals, and the amount of time that has elapsed between the notices of appeal and the district court orders, our court is without jurisdiction.

At the outset, we do not know which order Appellant intended to appeal. In his opening brief's jurisdictional statement, Appellant claims that this court has jurisdiction under 28 U.S.C. § 1291 over the district court's "May 15, 2024" order dismissing "several of [Appellant's] claims with

---

[6] An appellant may file a notice of appeal within sixty days if one of the parties is an agent of the United States. FED. R. APP. P. 4(a)(1)(B).

[7] Appellant first noticed his appeal as to the district court's order granting his motion to sever defendants. On appeal, Appellant claims he amended his appeal to include the dismissal of all defendants, with the exception of Sims, for failure to serve under FED. R. CIV. P. 4(m). A review of the record indicates that Appellant did not intend to appeal the district court's order granting his motion to sever, but no further clarification was received by Appellant.

prejudice." A review of the district court's docket reveals that the only order entered on that date was one striking Appellant's motion to amend for failure to comply with the district court's local rules. On appeal, Appellant's briefing indicates an attempt to appeal the district court's order denying his motion for leave to amend, even though that motion was stricken from the record.[8]

Another problem with Appellant's disjointed appeal is that his first notice of appeal indicates he is appealing an entirely different order, namely the district court's October 16, 2024 "final judgment" granting *his* unopposed motion to sever defendants. Confusingly, Appellant's motion for an extension of time to file his appeal sheds no light on this apparent mistake. Appellant's arguments on appeal *further* confuse the situation—he argues that the district court abused its discretion under Rule 4(m), indicating that he is appealing the district court's December 2021 dismissal of multiple defendants. However, he then shifts gears to discuss the district court's denial of his motion for leave to amend in May 2024, despite the fact that there is no appealable order to be found on that date.[9] Appellant's reply brief likewise reveals no helpful clues.

Appellant's notices of appeal reference 1) the December 2021 order, 2) a November 2021 order denying Appellant's motion for extension of time to serve certain defendants, and 3) a "final judgment" dismissing the above-

---

[8] Appellant's motion was stricken for failure to file a certificate of service. The district court invited Appellant to refile his motion in accordance with its rules, but he never did. The motion was not denied based on its content, but rather, its form.

[9] The only orders found in May 2024 are 1) the previously discussed order striking Appellant's motion for leave to file an amended complaint for failure to include a certificate of service, and 2) an order denying Appellant's motion for reconsideration of that first motion. It is important to underscore that the district court, in its order denying Appellant's motion for reconsideration, again *expressly* invited him to refile: "Plaintiff may refile the Motion in accordance with the rules." Again, he never did.

mentioned defendants, which appears to be another reference to the December 2021 order. Each of the orders referenced by Appellant in his notice of appeal are over four years old.

For our court to have jurisdiction over an appeal, an appellant must file a notice within thirty days of the appealed order, unless the appeal involves the United States. *See Edwards v. 4JLJ, L.L.C.,* 976 F.3d 463, 465-66 (5th Cir. 2020) (finding a lack of jurisdiction where an appellant failed to file an appeal within thirty days of the relevant order). *See also* Fed. R. App. P. 4 ("the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed.")

"[A] notice of appeal must specify the party or parties taking the appeal; designate the judgment, order, or part thereof being appealed; and name the court to which the appeal is taken." *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589 (5th Cir. 2009). Fed. R. App. P. 3(c)(7) emphasizes that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." *Id.* (citing *Turnbull v. United States,* 929 F.2d 173, 176–77 (5th Cir. 1991)) (affording liberal construction of Rule 3(c) where the intent to appeal is apparent and there is no prejudice to the adverse party.). "According to the Supreme Court, however, 'this principle of liberal construction does not . . . excuse noncompliance with the Rule' and because 'the purpose of [Rule 3] is to ensure that the filing provides sufficient notice to other parties and the courts,' 'the notice afforded by the document, not [a] litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal.'" *Id.* (citation modified) (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992)).

## A

In his notice of appeal, Appellant states that he appeals the orders granting multiple defendants' motions to dismiss. An order entered by the

district court on December 12, 2021, granted the motions to dismiss brought by the defendants listed by Appellant. The December 2021 order is, therefore, likely what Appellant was referencing in his notice of appeal.

Obviously, December 21, 2021, was well over thirty days before Appellant filed his latest notice of appeal on February 10, 2025. Even if our court were to stop the clock to account for an administrative stay, which lasted from March 14, 2022, to March 20, 2024, over a year would have elapsed between the entry of the order and the notice of the appeal. Therefore, this court lacks jurisdiction to review the order dismissing the City of Baytown, Samuel Serrett, Shane Michael Dunlap, Alyssa McDaniel, Samuel, Keith Dougherty, Nathanial Brown, Alyssa McDaniel, Ivan Martinez, Bryce Perkins, Brett Rasch, and Kevin Dunlap, Harris County, Ed Gonzalez, and Dr. Sundar.

The order denying Appellant's motion for extension of time to serve the above-named defendants was entered on November 10, 2021. For the foregoing reasons, this court lacks jurisdiction to review it. *See Edwards*, 976 F.3d at 465-66*; see also* FED. R. APP. P. 4.

In his notice of appeal, Appellant also references a "final judgment" dismissing the above-named defendants. However, after reviewing the record, there is no "final judgment" that fits Appellant's description.

Having construed Appellant's appeal as liberally as possible, there is still no order in the record that purports to be the "final judgment" he appeals. Further, Appellant's first notice of appeal clearly states that he is appealing the district court's order granting *his* unopposed motion to sever the defendants. That is the only order that Appellant successfully identifies for this court's review. It was a costly mistake, as there remain no orders or judgments that one could reasonably construe as covered by Appellant's notice of appeal.

24-20521
c/w No. 25-20038

B

On appeal, Appellant, seemingly aware that his arguments are failing, attempts to blame the referee. Appellant claims that Judges Hughes's "pattern of bias and procedural and unfairness has been repeatedly condemned by this court." Appellant then accuses Judge Hughes of personal bias, and cites to an online article in which Judge Hughes made a seemingly "demeaning" comment directed at a female prosecutor. Despite these claims, the instant record reveals that the district court was more than fair with Appellant throughout its proceedings. The record shows Judge Hughes granted three of Appellant's motions for extension of time to serve the defendants. Further, following Appellant's motion for Judge Hughes's recusal, Judge Drew Tipton was reassigned to the case in July of 2023. "[B]ias by an adjudicator is not lightly established." *Valley v. Rapides Par. Sch. Bd.,* 118 F.3d 1047, 1052 (5th Cir. 1997). Courts ordinarily "presume that public officials have properly discharged their official duties." *Bracy v. Gramley,* 520 U.S. 899, 909 (1997) (citation modified). General allegations of bias or prejudice are insufficient to establish a bias rising to constitutional violation. *See Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 821 (1986).

The record reveals that Judge Hughes was fair but firm with Appellant's counsel. The show-cause hearings, and indeed the entire record, reveal successive excuses offered by Appellant's counsel that were accepted by the district court, followed by inexplicable periods of inactivity. Appellant had over six months to serve defendants, and yet somehow, failed to do so at every opportunity. Appellant's counsel revealed, through her actions, that she is either unfit or unwilling to handle this case.

IV

From the start, this case has been plagued with errors. From its first filings at the district court, when Appellant inexplicably filed three concurrent lawsuits stemming from the same incident, to Appellant's failure

24-20521
c/w No. 25-20038

to serve multiple defendants (despite being given over six months to do so) and, finally, to an appeal so vague it is impossible to determine what exactly is being appealed, our court must conclude it lacks jurisdiction.

*    *    *

Accordingly, it is ORDERED that this appeal is DISMISSED for want of jurisdiction.