# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2026

Lyle W. Cayce
Clerk

No. 25-30554
Summary Calendar

———————————

Dorothy Gail Collett,

*Plaintiff*,

*versus*

Weyerhaeuser Company,

*Defendant*,

_____

Joshua D. Collett,

*Plaintiff—Appellant*,

*versus*

Weyerhaeuser Company; Thornhill Forestry Service, Incorporated,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:19-CV-11144,
2:19-CV-12252

———————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

No. 25-30554

PER CURIAM:*

This case concerns the awarding of costs to prevailing defendants of significant financial resources where the plaintiffs are of limited resources. The district court granted summary judgment in favor of two defendants and awarded them costs. The plaintiffs filed a motion to reconsider the clerk of court's taxation of costs, arguing their indigency, which the district court denied. Plaintiff Joshua Collett now appeals that order. For the reasons below, we AFFIRM.

## I.    Background

In 2018, Weyerhaeuser Company ("Weyerhaeuser") hired a contractor, Thornhill Forestry Service, Inc. ("Thornhill"), to spray an herbicide on its property in Louisiana. The Collett family, including Dorothy Gail Collett and her son, Joshua Collett (collectively, the "Colletts"), lived across the street from a portion of the sprayed property.

The Colletts each filed separate suits in Louisiana state court against Weyerhaeuser and other named defendants, alleging chemical exposure and subsequent injuries. Weyerhaeuser removed both suits to federal district court under diversity jurisdiction, where they were consolidated. In the district court, both Dorothy Gail Collett and Joshua Collett amended their petitions to name Weyerhaeuser, Thornhill, and Lafayette Insurance Company ("Lafayette"), Thornhill's insurer, as defendants.

After years of litigation, including the district court's exclusion of medical causation testimony proffered by Dorothy Gail Collett, the district court granted summary judgment in favor of Weyerhaeuser, Thornhill, and

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Lafayette. The district court entered a final judgment with prejudice and costs.

While Weyerhaeuser's and Thornhill's bills of costs were pending, Dorothy Gail Collett appealed the district court's exclusion of her expert testimony and the grant of summary judgment. We affirmed. *Collett v. Weyerhaeuser Co.*, No. 21-30449, 2022 WL 2387352, at *3 (5th Cir. July 1, 2022) (per curiam) (unpublished).

The district court used the clerk of court to handle bills of costs. After that appeal was complete, the clerk of court entered a ruling on the bills of costs, awarding $24,341.85 to Weyerhaeuser and $13,342.00 to Thornhill. The clerk of court filed memoranda explaining her reasoning for taxation of costs. The Colletts filed a "Motion to Review Costs Assessment and Plaintiffs' Indigency," arguing that they should not be obligated to reimburse defendants' costs due to their indigency. The district court treated the motion as a request for reconsideration and ordered the clerk of court to consider the motion's arguments, but the clerk reaffirmed her prior findings.

After the Colletts filed a second "Motion to Review Costs Assessment and Plaintiffs' Indigency," the district court ordered the Colletts to file a supplemental brief addressing the factors we enumerated in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006). The Colletts' supplemental brief cited, but did not further address, all of the *Pacheco* factors. It solely argued that the Colletts should not be taxed with costs because of their indigency. The district court entered a final order denying the Colletts' motion. In that order, the district court analyzed the *Pacheco* factors and determined that the Colletts had not overcome the Federal Rule of Civil Procedure 54(d)(1) presumption that costs are awarded to prevailing parties. Before us is Joshua Collett's appeal of the district court's order granting the taxation of costs.

No. 25-30554

## II.    Jurisdiction & Standard of Review

The district court had diversity jurisdiction over this case under 28 U.S.C. § 1332(a). We have jurisdiction over this appeal under 28 U.S.C. § 1291 because the district court entered a final judgment and an order denying reconsideration of the taxation of costs.

We review a district court's award of costs to a prevailing party for abuse of discretion. *Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 466 (5th Cir. 2020).

## III.    Discussion

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs." *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). We have acknowledged various factors a party may demonstrate to overcome this presumption: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco*, 448 F.3d at 794.

The district court considered these factors. While acknowledging the Colletts' "indigency and the relative wealth of Weyerhaeuser and Thornhill," it found that there was no close legal question, no misconduct by Weyerhaeuser or Thornhill, and no substantial benefit conferred to the public by the matter. Because the district court could not "find a reason to penalize Defendants, even through *Pacheco*'s equitable considerations, [it] reluctantly den[ied] Plaintiffs' motion."

4

The district court's conclusion was consistent with our precedent that a disparity in resources between the parties is not alone sufficient to overcome the Rule 54(d)(1) presumption. *See Moore v. CITGO Refin. and Chems. Co., L.P.*, 735 F.3d 309, 319–20 (5th Cir. 2013); *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018). In *Moore*, the district court reduced costs awarded to the prevailing defendant based on "(1) a finding of plaintiffs' good faith, (2) [the defendant's] enormous wealth, and (3) Plaintiffs' limited resources." 735 F.3d at 319 (citation modified). We reversed, holding that the district court "erred as a matter of law in relying on [the defendant's] 'enormous wealth'—or the comparative wealth of the parties—as a basis for reducing the cost award." *Id.* at 319–20. We rejected a "relative wealth" rationale, concluding that "the fact that the prevailing party is substantially more wealthy than the losing party is not a sufficient ground for denying or limiting costs to the prevailing party." *Id.* at 320 (citation modified). We revisited this issue in *Smith*, holding that, even "assum[ing] that the plaintiffs brought suit in good faith" and recognizing that "their financial condition [wa]s dire," "the district court was not required to deny [the prevailing defendant] its costs because of its comparative ability to more easily bear the costs." 909 F.3d at 753.

Joshua Collett does not argue on appeal that the other factors weigh in his favor. Instead, he quotes our conclusion in *Pacheco* that denial of costs should be made "on the basis of *both* the losing part[y's] good faith *and* some other *one or more* of the factors." 448 F.3d at 793 (final emphasis added). But our later cases make clear that the disparity in resources between the parties is not alone sufficient, as explained above.

Therefore, in analyzing the relevant factors and following our established precedent, the district court did not abuse its discretion in denying Joshua Collett's motion to reconsider the clerk of court's taxation of costs.

No. 25-30554

## IV.   Conclusion

Accordingly, we AFFIRM.